IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| ADRIAN IXTA,<br><br>　　　　　　Petitioner,<br><br>vs.<br><br>SCOTT FRAKES,<br><br>　　　　　　Respondent. | 8:20CV199<br><br>**MEMORANDUM AND ORDER** |

　　　　This matter is before the court on Petitioner's Petition for Writ of Habeas Corpus (filing no. 1) brought pursuant to 28 U.S.C. § 2254. After initial review under Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts, I will dismiss the petition without prejudice.

　　　　Petitioner admits that he has not exhausted. (Filing no. 1 at CM/ECF p.10.) Further, Petitioner's state court records, available to me online, show that Petitioner did not file a direct appeal but has a pending, and yet unresolved, state post-conviction proceeding in the state trial court.[1]

　　　　As set forth in 28 U.S.C. § 2254:

> (b)(1) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that—

---

[1] This court has been afforded access to the computerized record keeping system (JUSTICE and SCCALES) for the Nebraska state courts. I take judicial notice of the state court records related to this case in *State v. Ixta*, No. CR17-2877, District Court of Douglas County, Nebraska. *See Stutzka v. McCarville*, 420 F.3d 757, 760 n.2 (8th Cir. 2005) (court may take judicial notice of judicial opinions and public records).

> (A) the applicant has exhausted the remedies available in the courts of the State; or
>
> (B) (i) there is an absence of available State corrective process; or
>
> (ii) circumstances exist that render such process ineffective to protect the rights of the applicant. . . .
>
> (c) An applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented.

The United States Supreme Court has explained the habeas exhaustion requirement as follows:

> Because the exhaustion doctrine is designed to give the state courts a full and fair opportunity to resolve federal constitutional claims before those claims are presented to the federal courts . . . state prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process.

*O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999).

To be clear, exhaustion of available state postconviction relief is a necessary prerequisite to seeking federal habeas relief under 28 U.S.C. § 2254. As explained in *Rose v. Lundy*, 455 U.S. 509, 520 (1982):

> [O]ur interpretation of §§ 2254(b), (c) provides a simple and clear instruction to potential litigants: before you bring any claims to federal court, be sure that you first have taken each one to state court. Just as pro se petitioners have managed to use the federal habeas machinery, so too

should they be able to master this straightforward exhaustion requirement.

Here, the petition's allegations and Petitioner's state court records clearly establish that he did not exhaust his available state court remedies before filing his habeas case in this forum. Consequently, Petitioner's petition for relief under 28 U.S.C. § 2254 is subject to dismissal. *Rose*, 455 U.S. at 520; *Akins*, 410 F.3d at 455.

Although Petitioner seems to suggest otherwise, it cannot reasonably be claimed that his habeas petition is a "mixed" petition. "The failure to do so categorically rules out relief under *Rhines [v. Weber*, 544 U.S. 269, 276 (2005)] since *Rhines* only involves cases with mixed petitions." *McLemore v. Frakes*, No. 8:18CV567, 2019 WL 2358433, at *3 n.2 (D. Neb. June 4, 2019) (citing *Charles v. Payne*, No. 4:17 CV 2494 CDP, 2018 WL 3208551, at *2 (E.D. Mo. June 29, 2018)). "A 'mixed petition' is one where at least one claim is exhausted but another is unexhausted." *Id.* None of the claims here have been exhausted. Still further, a stay and abeyance of a federal habeas proceeding is only appropriate when the district court determines there was good cause for the petitioner's failure to exhaust his claims first in state court. *Rhines v. Weber*, 544 U.S. at 277 (2005). Petitioner has not come close to showing good cause.

Lastly, a petitioner cannot appeal an adverse ruling on his petition for writ of habeas corpus under § 2254 unless he is granted a certificate of appealability. 28 U.S.C. § 2253(c)(1); 28 U.S.C. § 2253(c)(2); Fed. R. App. P. 22(b)(1). The standards for certificates (1) where the district court reaches the merits or (2) where the district court rules on procedural grounds are set forth in *Slack v. McDaniel*, 529 U.S. 473, 484–85 (2000). I have applied the appropriate standard and determined that Petitioner is not entitled to a certificate of appealability.

IT IS ORDERED that:

3

1. The petition for writ of habeas corpus (filing no. 1) is dismissed without prejudice. No certificate of appealability has been or will be issued.

2. Judgment will be entered by a separate document.

Dated this 15th day of June, 2020.

                                            BY THE COURT:

                                            *Richard G. Kopf*

                                            Richard G. Kopf
                                            Senior United States District Judge